```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Warren L. Griffin, Jr.

    v.                                  Civil No. 17-cv-714-JD
                                        Opinion No. 2018 DNH 170
Warden, New Hampshire
State Prison for Men


                              O R D E R


    Warren L. Griffin, Jr. seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his state court convictions. The warden moves to dismiss the petition on the grounds that Griffin's claims are not exhausted and that exhaustion is procedurally barred. The warden also contends that the claims are untimely and that equitable tolling does not apply. Griffin did not file a response to the motion.

                              Background

    Griffin was convicted in October of 2012 on charges of armed robbery, criminal threatening, falsifying evidence, and witness tampering. He appealed, arguing that the trial court erred in failing to suppress identifications made in court and out of court and by allowing evidence of his gang affiliation. His convictions were affirmed by the New Hampshire Supreme Court. State v. Griffin, 2014 WL 11641029, at *6 (N.H. Sept.

19, 2014). Griffin did not seek a writ of certiorari from the United States Supreme Court.

On May 23, 2016, Griffin filed a petition in state court for collateral relief. In support, Griffin argued that he had received ineffective assistance of counsel due to counsel's failure to communicate a first plea offer made by the prosecutor. The state court held a hearing and denied the petition on March 22, 2017.

The state court found that counsel's representation was not constitutionally deficient and that Griffin has not shown any prejudice even if the representation had been deficient. The state court noted that Griffin was indicted on new charges, including witness tampering, after the initial plea offer that caused the prosecutor to withdraw the second plea offer. The court found that his counsel was not responsible for the change in the case due Griffin's own actions. Griffin did not appeal that decision.

Griffin filed his petition under § 2254 in this court on December 12, 2017. In support of the petition, Griffin alleges that his counsel was ineffective in failing to communicate the first plea offer. He states that he did not appeal the decision denying his state petition because he did not know of the time limitations. He also states that he was unaware of the first

2

plea offer until his mother asked him about it in 2015, after she received Griffin's file from his counsel.

A. Exhaustion and Procedural Default

Relief under § 2254 is available only when the petitioner has exhausted his federal claims in state court unless the state does not provide corrective process or the process would be ineffective to protect the rights of the petitioner. § 2254(b)(1)(A). Exhaustion includes presenting federal claims to the state's highest court. Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010). Because Griffin did not appeal the state court's ruling on his petition for collateral review, he did not exhaust the claim raised there. He concedes that he can no longer appeal that decision.[1]

When a petitioner fails to "meet the State's procedural requirements for presenting his federal claims[, he] has deprived the state courts of an opportunity to address the

---

[1] New Hampshire Supreme Court Rule 7(1)(B) provides that an appeal from a ruling on a petition for post-conviction relief must be filed within thirty days of the notice of decision. See N.H. Sup. Ct. R. 3 (definition of mandatory appeal). Motions for the late entry of an appeal are not favored and are "granted only upon a showing of exceptional circumstances." N.H. Sup. Ct. R. 21(6). In this case, Griffin contends that his ignorance of the filing deadline caused him not to file an appeal at all, which would not constitute an exceptional circumstance that is necessary to excuse a late filing. See, e.g., United States v. Mottola, 166 N.H. 173 (2014).

3

merits of those claims in the first instance." Davila v. Davis, 137 S. Ct. 2058, 2064 (2017) (internal quotation marks omitted). Federal courts, therefore, will not hear claims that were not presented to the state court because of an independent and adequate state procedural ground. Id. A petitioner may overcome the bar of procedural default by showing "cause to excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation." Id. 2064-65 (internal quotation marks omitted). Alternatively, a petitioner may seek review, despite a procedural default, to avoid a fundamental miscarriage of justice due to his actual innocence. Lee v. Corsini, 777 F.3d 46, 62 (1st Cir. 2015).

Here, Griffin does not argue or even suggest that he is actually innocent of the crimes of conviction. Because he did not respond to the motion to dismiss, he has not addressed the cause and prejudice showings necessary to overcome procedural default. "Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him, impeded his efforts to comply with the State's procedural rule." Maples v. Thomas, 565 U.S. 266, 280 (2012) (internal quotation marks omitted). Griffin's ignorance of the appeal deadline is not cause for purposes of excusing his

default.  See Felton v. Goguen, 2017 WL 7792576, at *9 (D. Mass. Sept. 27, 2017) (discussing cases).

To show prejudice, Griffin would need to show that the alleged ineffective assistance of counsel "worked to his <u>actual</u> and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170 (1982).  Griffin's case does not support any finding of prejudice.

B.  Timeliness

Under the Antiterrorism and Effective Death Penalty Act, a petition for habeas corpus relief from a state court conviction is subject to a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  Certain circumstances will toll the limitations period, when applicable.  § 2244(d)(2).  If, on the other hand, the one-year period expires before the petitioner files a federal petition, a new state court filing does not restart the limitations period.  See Anderson v. Cline, 397 Fed. Appx. 463, 464 (10th Cir. 2010) ("And it is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired."); DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); Cruz v. New Hampshire, 2013 WL 6055231, at *2 (D.N.H. Nov. 15, 2013).

In his petition, Griffin contends that he could not have raised the claim of ineffective assistance of counsel, based on the allegedly uncommunicated first plea offer, within the time allowed because he was not aware that the plea offer had been made. He contends that he only learned of the first plea offer in 2015 when his mother asked him why he had not accepted the offer. That circumstance by itself, however, does not meet the requirements of § 2244(d)(1)(D).

To delay the limitation period through application of § 2244(d)(1)(D), a petitioner must show that the factual predicate of his claim could not have been discovered any earlier through the exercise of due diligence. Griffin does not explain why his mother happened to find the information about the plea offer, which was in his file, and he did not. As such, he has not shown that the plea offer could not have been discovered through the exercise of due diligence.

Neither equitable tolling nor the exception to avoid a miscarriage of justice applies in the circumstances of this case. McQuiggin v. Perkins, 569 U.S. 383, 396 (2013); Holland v. Florida, 560 U.S. 631 (2010).

## Conclusion

For the foregoing reasons, the warden's motion to dismiss (document no. 10) is granted. The petition is dismissed.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Judge Joseph A. DiClerico, Jr.
United States District Judge

August 22, 2018

cc: Warren L. Griffin, Jr., pro se
 Elizabeth C. Woodcock, Esq.